Andi SISWANTO, Petitioner,

v.

ATTORNEY GENERAL OF
THE UNITED STATES
OF AMERICA.

No. 04–3172.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 12, 2005.

Decided July 28, 2005.

Lisa A. Baird, Philadelphia, PA, for Petitioner.

Gretchen M. Wolfinger, Janice K. Redfern, United States Department of Justice Tax Division, Washington, DC, for Respondent.

Before ALITO, BECKER and
GREENBERG, Circuit Judges.

OPINION OF THE COURT

BECKER, Circuit Judge.

Andi Siswanto, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of Siswanto's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We will deny the petition for review.

First, it appears that we may lack jurisdiction because Siswanto failed to file his asylum application within one year of his arrival in the United States. Pursuant to § 208(a)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a)(3), this Court does not have jurisdiction to review an IJ's determination by clear and convincing evidence, *see* INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B), that an alien failed to file his asylum application within one year of his arrival in the United States. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir.2003) ("[T]he language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum peti-

tion was not filed within the one year limitations periods, and that such period was not tolled by extraordinary circumstances."). The IJ made such a determination here, and Siswanto does not address this jurisdictional defect in his brief.

At all events, his petition fails on the merits. He recites a number of incidents that occurred in Indonesia which suggest hostility on the part of the majority Muslim population against the minority of Chinese Christians. The parties are familiar with these incidents, and they were discussed by the IJ. Hence we need not recount them here, though we will advert to some of them below.

The IJ concluded that Siswanto had neither established past persecution nor a well-founded fear of future persecution, and so was not eligible for asylum. Although Siswanto contended that his parents' store was robbed on the basis of mixed motive—in part because they were Chinese—the IJ noted that Siswanto could not state whether stores owned by other ethnic minorities, such as Indians, were exempt from robberies. The IJ properly found that the incidents experienced by Siswanto as he was growing up, such as being called names by Muslim young people, constituted discrimination, not persecution. With regard to his Christianity, Siswanto testified that his parents, who remain in Indonesia, are Christians. The IJ found no basis for a religious persecution claim, observing that the government of Indonesia does not persecute Christians, and Siswanto's parents have not been harmed. The IJ also rejected Siswanto's claims for withholding of removal under the INA and CAT.

The IJ's conclusions were sound. The attempts to obtain money from Siswanto's parents' store were apparently the result of criminal activity. Siswanto acknowledges this, noting that "[h]is father and uncle ... were victims of extortion by angry Muslim mobs." But "ordinary criminal activity," such as extortion and robbery, "does not rise to the level of persecution necessary to establish eligibility for asylum." *Abdille v. Ashcroft*, 242 F.3d 477, 494 (3d Cir.2001). Concomitantly, we note that there is no allegation of government-sponsored persecution, which, if present, could support an asylum case. And there is no evidence of a pattern or practice of persecution against individuals of Chinese descent in Indonesia at this time. *See Lie v. Ashcroft*, 396 F.3d 530 (3d Cir.2005). Clearly name-calling years ago by Muslim youths does not constitute persecution.

If Siswanto's claims are for religious (as opposed to ethnic) persecution, they also fail. The State Department reports that the Indonesian "Constitution provides for freedom of religion for members of officially recognized religion [including Christianity] ... and the Government generally respects this right in practice...." United States Department of State, *International Religious Freedom Report* (2001). Moreover, the reasonableness of a petitioner's fear of persecution is undercut when his family remains in the native country unharmed for a long period of time after petitioner's departure, as is the case here. *See Ambartsoumian v. Ashcroft*, 388 F.3d 85, 90 (3d Cir.2004) (no well-founded fear of religious persecution where parents and siblings remained in Ukraine as practicing Baptists and no evidence was presented that they were persecuted).

Our standard of review is extremely deferential; we must uphold the IJ's findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and may not reject them "unless any reasonable adjudicator

would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Under this standard, it is clear that the IJ's decision is supported by substantial evidence. Siswanto makes general allegations that the Immigration Judge "failed to comprehend the case," and failed to "show[ ] any appreciation for the realities of life for the Chinese Christian minority in Indonesia." Those allegations are baseless.

The petition for review will be denied.